UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MURPHY L. JAMERSON,
d/b/a 4 Star Printing,

    Plaintiff,

    v.                                           Case No. 04-C-0749

MARK RYAN and MILWAUKEE COUNTY
PROCUREMENT CLERK,

    Defendants.

**ORDER RE: PLAINTIFF'S RULE 7.4 EXPEDITED NON-DISPOSITIVE MOTION**

On December 20, 2005, the plaintiff, Murphy L. Jamerson ("Jamerson"), filed a Rule 7.4 Expedited Non-Dispositive Motion in which he seeks "an order compelling inspection in accordance with the request dated 11/15/05." (Mot. at 1.) Attached to his motion are number of documents, including an affidavit and two document requests, one which appears to have been prepared by Jamerson on October 4, 2005 (Exhibit B) and one which appears to have been prepared by Jamerson on November 15, 2005 (Exhibit A). Although Jamerson's motion mentions only the November 15, 2005 document request, his Civil Local Rule 37.1 Certification seems to suggest that he might also be seeking court relief with respect to the October 4, 2005 document request.

In any event, on December 22, 2005, the defendants filed with the court their response to the plaintiff's October 4, 2005 Request for Production of Documents. Although the defendants pose objections to some of the requests, they have nevertheless responded to the October 4, 2005 request.

Consequently, to the extent that the plaintiff is moving for an order compelling the defendants to respond to his October 4, 2005 request, his motion will be denied as moot.

Turning to the plaintiff's request of November 15, 2005, the court notes that Fed. R. Civ. P. 34 states that the parties upon whom a request is served "shall serve a written response within 30 days after the service of the request." According to the plaintiff's Local Rule 37.1 Certification, "[o]n December 8, 2005 during the examination of Mark Ryan, plaintiff conferred in good faith with defendant counsel Louis Elder to compel the requested documents." But, as of December 8, 2005, and pursuant to the provisions of Fed. R. Civ. P. 34, the defendants still had time to respond to the November 15, 2005 Request for Production of Documents. In other words, the plaintiff's Rule 37.1 conference was premature. Now, assuming that the defendants were properly served with the November 15, 2005 request and assuming that they have not yet responded to the request, the defendants could very well be subject to court sanctions for their failure to do so. But, if Jamerson wishes to seek relief from this court with respect to the November 15, 2005 request, he should make additional efforts to comply with Local Rule 37.1. In other words, now that the defendants have failed to file a timely response to the November 15, 2005 request (assuming that they have failed to do so), Jamerson must take the steps necessary for him to be able to file a

> written statement [stating] that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

Civil Local Rule 37.1. In the meantime, and given the foregoing, to the extent that the plaintiff is moving for an order compelling the defendants to respond to his November 15, 2005 request, his motion will be denied without prejudice.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's Rule 7.4 Expedited Non-Dispositive Motion be and hereby is **DENIED IN PART AS MOOT AND DENIED IN PART WITHOUT PREJUDICE**.

**SO ORDERED** this  29th  day of December 2005, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

3