UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MURPHY L. JAMERSON,

    Plaintiff,

v.                                        Case No. 04-C-749

MILWAUKEE COUNTY,
PROCUREMENT DIVISION,
and MARK RYAN,
MILWAUKEE COUNTY CLERK,

    Defendants.

**ORDER**

This action was commenced on August 5, 2004, when the plaintiff, Murphy L. Jamerson, d/b/a 4 Star Printing ("Jamerson" or "4 Star"), proceeding *pro se*, filed a complaint in the Eastern District of Wisconsin alleging that his constitutional rights were violated pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment, and 42 U.S.C. § 1981. Jamerson's complaint also included a state law breach of contract claim. On June 7, 2006, the court issued its decision and order in this case, granting the defendants' motion for summary judgment on plaintiff's claims under § 1983, §1981, and the Fourteenth Amendment. In its June 7, 2006 decision and order, the court dismissed without prejudice the plaintiff's remaining state law breach of contract claim so that the plaintiff could refile this claim in the Milwaukee County Circuit Court. On June 8, 2006, judgment was entered accordingly.

On June 22, 2006, Jamerson filed a "Motion to the Court to Amend its Findings or Make Additional Finding of Facts Pursuant to F.R.C.P. 52(b)." Federal Rule of Civil Procedure 52(b)

provides that: "[o]n a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings–or make additional findings–and may amend the judgment accordingly." "'Motions made under Fed.R.Civ.P. 52(b) . . . are not intended merely to relitigate old matters nor are such motions intended to allow the parties to present the case under new theories. Instead, [Rule 52(b)] motions are intended to correct manifest errors of law or fact or to present newly discovered evidence.'" *Macsteel Int'l USA Corp. v. Superior Prods. Co., Inc.*, 2002 WL 1067248 at *1 (N.D. Ill. 2002) (quoting *Evans, Inc. v. Tiffany & Co.*, 416 F.Supp. 224, 244 (N.D. Ill. 1976)). The court has now reviewed the plaintiff's motion and considered the arguments presented therein. Jamerson has not established the existence of any manifest errors of law or fact in the court's June 7, 2006 decision and order. Nor has Jamerson presented any newly discovered evidence as required by Rule 52(b). Accordingly, and for all the foregoing reasons, Jamerson's Rule 52(b) motion will be denied.

On June 22, 2006, Jamerson also filed a "Motion for Judgment on the Pleadings Pursuant to F.R.C.P. 56(d), F.R.C.P. 12(c) and F.R.C.P. 6." In support of this motion, Jamerson alleges that "the defendant failed to plead in the required time pursuant to F.R.C.P. 6." (Mot. at 1.) The gist of Jamerson's argument appears to be that the court should not have granted the defendants' motion for summary judgment, and therefore, judgment was erroneously entered against Jamerson. Accordingly, the court will construe Jamerson's motion as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e).

It is well settled that a Rule 59(e) motion is not intended to allow the parties to relitigate old issues, to advance new theories, or to rehear the merits of a case. *See Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993). Rather, recognized grounds for such motions include a "manifest error of fact or law" by the trial court, "newly discovered evidence," or "a change in law." *Id.* (citing

2

*Renfro v. City of Emporia, Kansas*, 732 F. Supp. 1116, 1117 (D. Kan. 1990)).  Furthermore, the decision whether to grant such motions is left to the sound discretion of the trial court.  *Diebitz*, 834 F. Supp. at 302 (citing *Leigh v. Engle*, 723 F. Supp. 1272, 1273 (N.D. Ill. 1989)).

I recognize that Jamerson is disappointed with this court's decision of June 7, 2006. However, after giving due consideration to Jamerson's argument and after reviewing my June 7, 2006 decision and order, I find that there is no basis to alter my June 7, 2006 decision.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's "Motion to the Court to Amend its Findings or Make Additional Finding of Facts Pursuant to F.R.C.P. 52(b)" be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's "Motion for Judgment on the Pleadings Pursuant to F.R.C.P. 56(d), F.R.C.P. 12(c) and F.R.C.P. 6" be and hereby is **DENIED**;

**SO ORDERED** this 26th day of June 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge